# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---
## NO. 03-25-00113-CV
---

**Paul Johnson, Appellant**

**v.**

**Williamson County Tax Office, Appellee**

---
### FROM THE 395TH DISTRICT COURT OF WILLIAMSON COUNTY
### NO. 24-2687-C395, THE HONORABLE RYAN D. LARSON, JUDGE PRESIDING
---

## M E M O R A N D U M   O P I N I O N

Appellant Paul Johnson, proceeding pro se, filed a notice of appeal in February 2025 from the trial court's order granting appellee's plea to the jurisdiction. Appellant, however, is on the State's list of vexatious litigants. *See* Tex. Civ. Prac. & Rem. Code § 11.101 (generally authorizing court to enter order prohibiting person from filing "a new litigation" pro se without permission from local administrative judge when court, after notice and hearing, finds that person is "vexatious litigant"), .104(b) (requiring Office of Court Administration (OCA) to "post on the agency's Internet website a list of vexatious litigants subject to prefiling orders").

The OCA list reflects that appellant is subject to a prefiling order that was filed in Bastrop County in March 2023 specifically prohibiting him from filing "as a pro se party any new litigation in a court in Texas against any party without first obtaining permission from the appropriate local administrative judge." *See id.* §§ 11.102 (generally prohibiting vexatious

litigant from filing "new litigation" without permission from local administrative judge), .103 (generally prohibiting clerk of court from filing "litigation, original proceeding, appeal, or other claim presented, pro se, by a vexatious litigant subject to a prefiling order under Section 11.101 unless the litigant obtains an order from the appropriate local administrative judge described by Section 11.102(a) permitting the filing"); *Silver v. Abbott*, No. 03-19-00706-CV, 2019 WL 6139503, at *1 (Tex. App.—Austin Nov. 20, 2019, no pet.) (mem. op.).

By order dated April 29, 2025, this Court notified appellant that he was required to obtain the permission of the local administrative law judge to file this appeal from a "new litigation" initiated in Williamson County District Court on October 21, 2024, after appellant was subject to a prefiling order, and ordered him within thirty days of the date of the order to demonstrate to this Court that he has obtained permission from the local administrative judge to file this appeal. *See* Tex. Civ. Prac. & Rem. Code §§ 11.001-.003. We also notified him that, if he failed to comply with the order within thirty days, we would dismiss this appeal.

Appellant has failed to demonstrate that he has obtained the local administrative judge's permission to file this appeal. Accordingly, we dismiss this appeal. *See Johnson v. Parker*, No. 03-19-00067-CV, 2019 WL 3922908, at *1 (Tex. App.—Austin Aug. 20, 2019, no pet.) (mem. op.) (dismissing suit because vexatious litigant failed to demonstrate that he had obtained local administrative judge's permission to file appeal); *Johnson v. Hughey*, No. 06-12-00079-CV, 2012 WL 4761546, at *1-2 (Tex. App.—Texarkana Oct. 5, 2012, no pet.) (mem. op.) (concluding that prerequisite was not met and that lawsuit should not have been filed because vexatious litigant failed to demonstrate administrative judge's permission to file lawsuit and dismissing appeal).

_____

Karin Crump, Justice

Before Justices Triana, Theofanis, and Crump

Dismissed

Filed:   May 30, 2025

3